IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30089
Summary Calendar
_____


C. H. FAULKENBERRY, JR.,

                              Plaintiff,

DAVID L. SMITH, as assignee
of the interest of Plaintiff,
C. H. Faulkenberry, Jr.,

                              Movant-Appellant,

                versus

JOHN ELKINS, BENEFITS SYSTEMS INC.,
and MICROBE MASTER, INC.,

                              Defendants-Appellees.

_____

Appeal from the United States District Court for
the Middle District of Louisiana
(85-CV-146)

_____

December 20, 1996
Before REAVLEY, JONES and  STEWART, Circuit Judges.

PER CURIAM:[*]

    David Smith complains of the denial of his motion to revive

a 1986 judgment.  We affirm.

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

On January 3, 1986, the United States District Court, Middle District of Louisiana entered a consent judgment (civil action number 85-146-B-1) in the amount of $30,000 in favor of plaintiff C.H. Faulkenberry, Jr. and against defendants John W. Elkins, Benefit Systems, Inc. and Microbe Masters, Inc.

David Smith claims an interest in the judgment as assignee from the sole heir of C.H. Faulkenberry, Jr. and now seeks revival of the January 1986 judgment against International Biochemicals Group (IBG), as corporate successor to Microbe Masters.

Appellant Smith moved the court below to be substituted as party plaintiff for the purpose of reviving the January 3, 1986 judgment, and to revive judgment. The District Court denied both motions. Smith then requested that IBG be served and ordered to appear and show cause as to why a writ of execution/fieri facias should not issue in its name. The District Court denied this motion, instructing appellant that he could file a separate action in the proper court, but refusing to reopen civil action 85-146-B-1.

Our only issue is whether the district court erred in denying the Motion to Revive Judgment filed by David Smith, and in denying the Motion to Substitute David L. Smith for original plaintiff Faulkenberry for the purpose of reviving the 1986 judgment. In its orders, the court questioned its jurisdiction to grant the revival and the substitution of parties.

2

Revival of a federal court judgment follows the procedural law of the forum state.  Fed.R.Civ.P. 69(a). *Urban Resorts Group v. Wheeler,* No. 82-2470, 1996 WL 28507, 1 (E.D.La.1/22/96).  Under Louisiana law, a money judgment may be revived by an "ordinary proceeding" brought in the court which rendered the original judgment.  La. Code of Civ. Proc. Art. 2031.

Smith contends his motion to revive civil action number 85-146-B-1 qualifies as an ordinary proceeding, and that Fed.R.Civ.P. 81(b), abolishing the writ of *scire facias*, but not the relief available under such a writ, allows for revival of judgments by motion where the district court has already acquired jurisdiction.  Louisiana courts have held that revival of judgment under Article 2031 requires the filing of a suit in ordinary proceedings.  *Mouton v. Watson,* 500 So.2d 792 (La.App.1 Cir. 1986), *Master Credit Plan, Inc. v. Angelo,* 437 So.2d 1201 (La.App.5 Cir. 1983), *Bahan v. Youngstown Sheet and Tube Company,* 191 So.2d 668,671 (La.App.2nd Cir. 1966) citing *Cassiere v. Cuban Coffee Mills*, 74 So.2d 193 (La. 1954),

The district court could not look to the original record of civil action number 85-146-B-1, to determine jurisdiction over Smith or IBG.  The court correctly questioned its jurisdiction to grant the order in the manner presented, and dismissed the motion to revive, reserving to the movant the right to refile.

Affirmed.

3